UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ISABELLE E. GRANT

    Plaintiff,

V.                                        CIVIL ACTION NO

COMMONWEALTH FINANCIAL SYSTEMS, INC.

Defendant.                              APRIL 29, 2015

## COMPLAINT

Plaintiff, sues Defendant a licensed collection agency doing business Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Woodstock, Maryland.

4. At all times material hereto, Defendant, ("Collection Agency), was licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business located at 245Main Street
Dickson City, PA 18519.

7. Defendant is or was engaged in the collection of debts from consumers using the mail or telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent medical debt.

9. On or about April 2015 Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent account with MK Randell Emergency Physician Group in the amount of $50.00.

10. Defendant called the home of Plaintiff in excess of 4 times a day, on consecutive days, attempting to collect this debt..

11. Plaintiff called the number back that appeared on her caller ID (410) 220-0248.

12. Defendant through a collection agent took the call and advised Plaintiff she owed money and then hung up on her.

13. Defendant continued to call the home of the Plaintiff excessively after the Plaintiff called the collection agency and was hung up on.

14. Plaintiff eventually contacted the Kennedy Law Firm to stop the collection calls.

15. Defendant failed to send the Plaintiff any written correspondence, after the initial communication.

16. Plaintiff's counsel called the telephone number (410) 220-0248 and spoke to a collection agent of the Defendant on the morning of April 29, 2015 at approximately 11:15 am.

17. I advised the Defendant, I was attorney Bernard Kennedy, calling to confirm a client's account was with Commonwealth Financial Systems, Inc.

18. Defendant through a collection agent was able to pull up Plaintiff's account based on the spelling of her first and last name and address.

19. Defendant continued to call the Plaintiff despite notice of representation by my office.

## V. DEFENDANTS' PRACTICES

20. It is or was the policy and practice of Defendant to call Plaintiff a Maryland consumer in a manner which was reasonably calculated to confuse or frustrate, or harass in violation of §1692d (5)

## VI. ALLEGATIONS OF LAW

### A. General

21. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

22. At all times material hereto, MK Randell Emergency Physician Group, represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

23. At all times material hereto, the amount purportedly owed to MK Randell Emergency Physician Group represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

24. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e and

b. The use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

c. Failing to advise the Plaintiff (consumer debtor) that this was a communication from a debt collector, this was an attempt to collect a debt.

d. Failing to properly identify who was calling.

e. Calling the Plaintiff's home multiple times, each day, in an effort to harass Plaintiff into making payment.

f. Failing to advise the Plaintiff of her rights to dispute the alleged debt.

g. Communicating with a represented party, despite knowledge of legal representation.

25. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

26. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

BY/S/Bernard T. Kennedy
The Kennedy Law Firm
34 A Rogers Street
Blairsville, GA 30512
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com